### No. 1414.—A. W. WALKER v. A. MILTENBERGER & Co.

In a suit to recover the damages resulting from the unlawful sequestration of a lot of sugar, the plaintiff must show, by undisputed evidence, the actual amount of loss resulting from the fall in the price during the time it was detained under seizure. Damages will not be allowed for an alleged deficiency in weight, if the evidence is vague and uncertain, but a reasonable amount will be allowed, as attorney's fees, for setting aside the sequestration and getting possession of the property.

APPEAL from the Fifth District Court of New Orleans. *Leaumont*, J. L. M. *Day*, for plaintiff and appellee. *Campbell, Spofford & Campbell, Roselius & Philips* and *S. H. Torrey*, for defendants and appellants.

HOWELL, J. This is a suit to recover $2471 66, with interest, as damages, alleged to have been sustained by plaintiff in consequence of an unlawful seizure of thirty hogsheads of sugar by defendants under process of sequestration issued out of the late United States Provisional Court for the State of Louisiana. Judgment was rendered in favor of plaintiff for $1482 57, with interest, and defendants appealed.

The seizure was made on the levee in this city on twenty-third February, 1865, and notice given on same day to plaintiff's broker. On the next day, (twenty-fourth), notice was given to plaintiff. On the day following, (twenty-fifth), a sale of the sugar was made by the said broker at eighteen cents per pound to J. B. Murison, plaintiff stating to the broker that the sequestration could be set aside. This, however, was not done until the eighteenth March, following, and the purchaser refused to complete the sale, because delivery could not be made within a reasonable time. When released the sugar was hauled to and stored in plaintiff's warehouse, where it was sold on the twelfth of April, at thirteen and a half cents, being a difference of four and a half cents per pound.

The claim is for this difference in price, amounting to $1307 97; loss of three thousand pounds in weight, $510; watching, hauling, storage, extra weighing, insurance and interest, $114 67, and lawyer's fees, $500.

The defendants were not informed that the sugar would be held or sold at their risk. It was voluntarily removed and sold by plaintiff. His broker says: "The market value of those grades of sugar are quoted in the Price Current from eighteen to twenty cents per pound on the twenty-fifth of February, 1865. I had sold the sugar at eighteen cents per pound. It was not delivered on account of the seizure. I sold the sugar on the twelfth April, 1865, at thirteen and a half cents per pound. On the seventeenth March the market price of this sugar was from eighteen to twenty cents per pound. * * * I know that I tried several times to sell that sugar, and that in one case, on the twenty-third of March, I sold five hogsheads of it at twenty-one cents. I could not sell it all because the market was dull. I could probably

have sold it, but at a sacrifice. * * * I am not certain whether those five hogsheads belonged to the lot of thirty, but I am certain they were of the same crop and about the same quality and grade," and were rolled out of the warehouse as they came, all being stored together. "Mr. Walker and myself made a mistake by keeping the sugar until the market was down, instead of going up. We wanted to do the best by keeping the sugar. By the week ending March 18, the low grades of sugar were of difficult sale. However, if I had been positively instructed to sell, I suppose I could have been able to get the quoted price," which is shown to have been eighteen to twenty cents, and on twenty-first five hogsheads, of similar grade, were sold at twenty-one cents. From this evidence it is clear that the thirty hogsheads could have been sold without a loss in price. The evidence is too vague to show any loss in weight during the seizure, and no necessity is shown for increasing the other items of the account at the charge of the defendants, except a reasonable fee for setting aside the sequestration, which, in our opinion, should be allowed and fixed, under the circumstances, at one hundred dollars. There seemed to be no great legal difficulty, it being shown that the sugar sequestered was not subject to the privilege of the defendants herein.

It is therefore ordered that the judgment appealed from be amended by reducing the amount thereof from $1482 57 to one hundred dollars, and, as thus amended, it be affirmed. Costs of appeal to be paid by plaintiff.